PEOPLE v JEFFERSON

Docket No. 104119. Submitted September 8, 1988, at Grand Rapids. Decided October 18, 1988.

Mark Anthony Jefferson was convicted, on his plea of guilty, of first-degree criminal sexual conduct and assault with intent to do great bodily harm less than murder and was sentenced to from forty to seventy-five years in prison on the criminal sexual conduct conviction and to from six to ten years on the assault conviction, Berrien Circuit Court, Zoe S. Burkholz, J. Defendant appealed.

The Court of Appeals *held:*

1. The court did not err in sentencing defendant. A crime punishable by imprisonment for "life or any term of years" is punishable, as the words state, by imprisonment for any term of years.

2. The sentence imposed did not shock the conscience of the Court of Appeals, and the court, in sentencing defendant, properly exercised its discretion in determining the sentence and followed the proper procedure in departing from the sentencing guidelines.

Affirmed.

CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES — "ANY TERM OF YEARS".

An indeterminate sentence "for any term of years" need not be fashioned with consideration of a defendant's life expectancy at the time of sentencing and thus may have a minimum term which exceeds the defendant's life expectancy.

*Patricia S. Slomski,* for defendant on appeal.

Before: MacKENZIE, P.J., and WEAVER and Mc-DONALD, JJ.

REFERENCES

Am Jur 2d, Criminal Law § 542.

Validity, under indeterminate sentence law, of sentence fixing identical minium and maxium terms of imprisonment. 29 ALR2d 1344.

PER CURIAM. Pursuant to a plea agreement defendant pled guilty to first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. Defendant appeals as of right from his forty to seventy-five year prison sentence on the criminal sexual conduct conviction. We affirm.

On appeal defendant alleges he should be resentenced as his sentence shocks the conscience and because it violates the "term of years or life" intent of *People v Oscar Moore,* 164 Mich App 378; 417 NW2d 508 (1987). However, we note that in *People v Harden,* 166 Mich App 106; 420 NW2d 136 (1988), another panel of this Court strongly disagreed with the *Moore* opinion, and held that a crime punishable by imprisonment for "life or any term of years" is punishable, as the words state, by imprisonment for *any* term of years. We agree with the reasoning contained in the *Harden* opinion, and therefore find no error in the court's sentencing defendant to from forty to seventy-five years in prison.

We also reject defendant's claim that the trial court abused its discretion in sentencing. The sentencing judge properly exercised discretion as to the determination of the proper sentence and followed the procedural requirements for departure from the guidelines. We have reviewed the sentence imposed and find that it does not shock our conscience.

Affirmed.